ANGELO PALERMO, as Administrator of the Estate of
MICHELE PALERMO, Deceased, Respondent, *v.* THE
CITY OF NEW YORK, Defendant, and CENTRAL VER-
MONT RAILWAY COMPANY, Appellant.

*Negligence — maintenance of fence on pier in defective condition so
that it gave way and one leaning thereon was thrown into water and
drowned.*

*Palermo* v. *City of New York*, 197 App. Div. 947, affirmed.
(Argued June 12, 1922; decided July 12, 1922.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the first judicial
department, entered August 3, 1921, affirming a judg-
ment in favor of plaintiff entered upon a verdict in an
action to recover for the death of plaintiff's intestate
alleged to have been occasioned through the negligence
of defendant. The complaint alleged that on or about
the 25th day of August, 1915, and for some time prior
thereto, the defendants negligently kept, maintained and
allowed to be kept and remain a certain fence in South
street, in the city of New York, and attached to and
forming part of said pier, in a worn-out, defective and
unsafe condition, and with some of its slats or boards
unfastened and broken, all of which was known to the
defendant, and, notwithstanding that the defendant
knew that children and other pedestrians were wont to
lean against the said fence and used the same as part
of the said thoroughfare, by reason thereof, and while
the above-named Michele Palermo was standing in front
of and leaning against the said fence, the same gave
way and caused him to fall into and drown in the East
river. The answer alleged that if plaintiff's intestate fell
into the East river and was drowned at the time and
place alleged in the complaint, plaintiff's intestate, at
that time, was wrongfully and without permission, right
or authority on property under the control and possession
of the defendant, and further if plaintiff's intestate was
drowned at the time and place or in the manner stated
in the complaint, his death was due and caused by the

negligence and carelessness of the plaintiff and plaintiff's intestate and not the result of the negligence of the defendant in any degree whatsoever.

*Wallace R. Foster* for appellant.

*Rosario Maggio* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ. Dissenting: MCLAUGHLIN, J.

---

CHARLES P. DORFF, Respondent, *v.* ANTONIO TAYA et al., Copartners under the Firm Name of HIJOS DE JOSE TAYA S. EN C., Appellants.

*Carriers — action to recover amount prepaid for freight on merchandise shipped on vessel lost at sea.*

*Dorff* v. *Taya,* 200 App. Div. 894, affirmed.
(Argued June 12, 1922; decided July 12, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 15, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court. The action was for money had and received, brought by the alleged assignee of an ocean bill of lading for a recovery of $22,116.96, representing freight which was prepaid by the shippers on a consignment of cotton shipped on board the defendants' steamship *Guadalquivir* in February, 1918, at Wilmington, N. C., for carriage to the port of Genoa, Italy. On the voyage across the Atlantic the steamship was sunk by an enemy submarine and, together with her cargo, was a total loss. The plaintiff is seeking to obtain a refund of the prepaid freight on the theory that because of the non-delivery of the cargo, the freight was unearned; and that he, as holder of the bill of lading, is entitled to recover it. Among others, the principal defense is based on a contract between the shippers and the defendants, other than that contained in the bill of lading, to the effect that the latter should retain the